**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARISA CATOTA**, individually and on behalf of all others similarly situated, | § § § | |
| **Plaintiff,** | § § § | |
| v. | § § § | **Civil Action No. 4:23-cv-3187** |
| **TIERRA VIVA, INC.** and **EDUARDO LOPEZ**, individually, | § § § | |
| **Defendants.** | § § § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

    **Travis Gasper appeared on behalf of Plaintiff Marisa Catota, individually and on behalf of similarly situated individuals ("Plaintiff").**

    **Kevin M. Chavez appeared on behalf of Defendants Tierra Viva, Inc. and Eduardo Lopez, individually ("Defendants").**

    **The conference was held via telephone on November 16, 2023.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

    **None are known at this time.**

3. Briefly describe what this case is about.

    <u>Plaintiff's Position</u>
    **Plaintiff brings this lawsuit individually and on behalf of others similarly situated ("Putative Collective Members") to recover unpaid wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendants. Plaintiff alleges that Defendants paid her and Putative Collective Members less than minimum wage and**

failed to inform Plaintiff and Putative Collective Members of the tip credit pursuant to 29 U.S.C. § 203(m), thus forfeiting Defendants' ability to take a "tip credit."

**Defendants' Position**
**Defendants deny each and every one of Plaintiff's allegations, including but not limited to violating any state or federal laws. In particular, Defendants contends that they complied with state and federal law and paid Plaintiff as required by law.**

4.    Specify the allegation of federal jurisdiction.

**Jurisdiction is proper in this Court by 29 U.S.C. § 216(b) and by provisions of 28 U.S.C. § 1331 relating to "all civil actions arising under the Constitution, laws, or treaties of the United States."**

5.    Identify the parties who disagree and the reasons.

**None.**

6.    Identify any issues as to service of process, personal jurisdiction, or venue.

**None.**

7.    List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

**Plaintiff: None, other than additional putative class members or opt-ins who file consent forms to join this case.**

**Defendants: None are anticipated at this time.**

8.    State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

**The parties have agreed to exchange Rule 26(a) disclosures within 14 days after the parties' rule 26(f) conference as provided for in FED. R. CIV. P. 26(a)(1)(C). The disclosures shall be made by November 30, 2023.**

9.    If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

**Agree.**

10.   Describe the proposed discovery plan, including:

A.    Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**                    **Page 2**

Generally, the parties agree that discovery will be necessary to investigate Plaintiff's allegations and Defendants' defenses. There are no issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, at this time.

The Parties ask that scheduling order deadlines, other than those set forth below, be established after it is known if the Court grants notice to potential plaintiffs.

| | |
|---|---|
| Deadline to add parties other than opt-in plaintiffs pursuant to any order granting notice to potential plaintiffs. The opt-in deadlines, if any, will be set forth in any such order. | May 15, 2024 |
| Deadline for Plaintiff to file any motion for notice to potential plaintiffs. | 90 days after the date of the Court's initial scheduling order. |
| Deadline for the Parties to confer and submit a proposed scheduling order for all remaining deadlines. | If the Court grants the motion for notice, 30 days after the close of the opt-in notice period. If the Court denies the motion for notice, 30 days after the Court's order. If Plaintiff does not file a motion for notice, 30 days after the deadline for such motion. |

B. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

Plaintiff may propound interrogatories and requests for production on Defendants before the close of the discovery period.

C. When and to whom the defendant anticipates it may send interrogatories and requests for production.

Defendants may propound interrogatories on Plaintiff and any opt-in plaintiffs before the close of the discovery period.

D. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

Plaintiff anticipates deposing Defendants, through corporate representative(s), and other persons with knowledge of relevant facts before the close of the discovery period. Plaintiff believes these depositions can be conducted through Zoom.

E. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

**Defendants anticipate conducting oral depositions of Plaintiff, any and all potential persons with knowledge of relevant facts, and any and all expert witnesses designed by Plaintiff by the close of the discovery period. Defendants believe these depositions can be conducted through Zoom.**

F.  Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

   **None.**

G.  Any experts needed on issues other than attorneys' fees.

   **None.**

H.  If medical experts are needed, whether they are only treating physicians or also designated on other issues.

   **Not applicable.**

I.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

   **Both parties expect to designate experts on attorneys' fees. Both parties agree to submit any attorney fee issues to the Court to decide after liability and damage are addressed. At this time, the Parties request that the deadlines for designating experts be established after it is known if the Court grants notice to potential plaintiffs of one or more collective action classes in this lawsuit.**

J.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

   **Plaintiff anticipates taking the deposition of any expert designated by the Defendants by the close of discovery. Plaintiff believes these depositions can be conducted through Zoom.**

K.  List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

   **Defendants anticipate taking the deposition of any expert designated by the Plaintiff by the close of discovery. Defendants reasonably believe these depositions may be conducted through Zoom.**

L. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

**Not applicable.**

M. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Not applicable.**

N. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Plaintiff has produced paystubs. Defendants have produced paystubs and other compensation records, along with some documents showing their financial condition.**

11. State the date the planned discovery can reasonably be completed.

**The Parties request that discovery be phased based on whether the court grants notice to potential plaintiffs. Specifically, the Parties request that the Court enter a discovery deadline relative to the determination of granting notice to potential plaintiffs, and that the Parties file a proposed scheduling order at a time after that determination.**

12. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

**The Parties are currently engaged in settlement negotiations.**

13. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

**The Parties believe mediation may be suitable if their efforts to resolve this case between themselves are not effective.**

14. Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.

**The Parties do not consent to a trial before a magistrate judge.**

15. State whether a jury demand has been made and if it was made on time.

**Plaintiff made a timely jury demand.**

16. Specify the number of hours it will likely take to present the evidence.

**The Parties believe that the duration of the trial will significantly depend on the outcome of Plaintiff's motion for notice and the subsequent opt-in period (if any).**

**Therefore, the Parties request that, as outlined above, the Court enter a scheduling order requiring the Parties to confer and submit a proposed scheduling order for discovery and a trial date after the Court has ruled on any motion for notice.**

17.   List pending motions that may be ruled on at the initial pretrial and scheduling conference.

**None at this time.**

18.   List other pending motions.

**None at this time.**

19.   List issues or matters, including discovery, that should be addressed at the conference.

**None at this time.**

20.   Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

**Plaintiff filed her Disclosure of Interested Persons on November 16, 2023. Defendants will file their Disclosure of Interested Persons on November 17, 2023.**

21.   List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

**Travis Gasper; Texas Bar No. 24096881, SDTX Bar No. 3073720; 1408 N. Riverfront Blvd., Suite 323, Dallas, Texas 75207; (469) 663-7736; travis@travisgasper.com.**

**Kevin Chavez; Texas Bar No. 24034371, SDTX Bar No. 32889; 6260 Westpark Drive, Suite 303, Houston, Texas 77057; (832) 209-2209; kevin@rhemalegal.com.**

Respectfully submitted,

**GASPER LAW PLLC**                                            Kevin M. Chavez, PLLC

By:   *s/ Travis Gasper*                                      By:   /s/ Kevin Chavez (with permission)
     Travis Gasper, *attorney-in-charge*          6260 Westpark Drive, Suite 303
     Texas Bar No. 24096881                       Texas Bar No. 24034371
     SDTX Bar No. 3073720                         SDTX Bar No. 32889
     1408 N. Riverfront Blvd., Suite 323          6260 Westpark Dr., Suite 303
     Dallas, Texas 75207                          Houston, Texas 77057
     Phone: (469) 663-7736                        Phone: (832) 209-2209
     Fax: (833) 957-2957                          Fax: (866) 929-1647
     Email: travis@travisgasper.com               Email: kevin@rhemalegal.com

**ATTORNEY FOR PLAINTIFF**                                     **Attorney for Defendants**

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**                         **Page 6**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Kevin M. Chavez
KEVIN M. CHAVEZ, PLLC
6260 Westpark Dr., Suite 303
Houston, Texas 77057
ATTORNEY-IN-CHARGE FOR DEFENDANTS

*s/ Travis Gasper*
Travis Gasper
