IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARISA CATOTA, individually and on behalf of all others similarly situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:23-cv-3187** |
| **TIERRA VIVA, INC. and EDUARDO LOPEZ, individually,** | § § § | |
| **Defendants.** | § § § § § | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND TO DISMISS ACTION WITH PREJUDICE**

Marisa Catota and Cecilia Blanco (collectively, "Plaintiffs"), and Tierra Viva, Inc. and Eduardo Lopez, individually (collectively, "Defendants"), jointly request that the Court enter an order (1) approving the Settlement Agreement (attached as Exhibit A), which has been agreed to by the Parties in order to resolve a *bona fide* dispute regarding Plaintiffs' entitlement to unpaid minimum wages under the Fair Labor Standards Act ("FLSA'') and (2) dismissing this case with prejudice. This case involves allegations that Defendants failed to inform Plaintiffs of the "tip credit" under 29 U.S.C. § 203(m) and, as a result, Defendants forfeited their ability to take a tip credit, resulting in liability to Plaintiffs for the full minimum wage plus other damages provided for under the FLSA. The Parties have had the opportunity to engage in written discovery and exchange information underlying their claims and defenses. The Settlement Agreement was reached after negotiations between counsel and the Parties believe that, upon review, the Court will find that it represents a fair and reasonable resolution of the underlying dispute.

## A. ARGUMENT

The Court should approve the Settlement Agreement and dismiss the action with prejudice because the settlement is the product of contested litigation, Plaintiffs are represented by competent and experienced counsel, the Settlement Agreement reflects a reasonable compromise over disputed issues, and the Settlement Agreement's provisions are fair and reasonable.

As this Court is aware, FLSA settlements require court approval. *See Tran v. Thai*, No. 08-3650, 2009 WL 3060400, at *1 (S.D. Tex. Sept. 24, 2009) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1351 (11th Cir. 1982)). In approving FLSA settlements, courts in the Fifth Circuit typically consider two primary factors: (1) the existence of a bona fide dispute; and (2) whether or not the settlement is fair and reasonable. *See Sims v. Hous. Auth. City of El Paso*, EP:10-CV-109-PRM, 2012 WL 10862119, at *3 (W.D. Tex. Feb. 29, 2012).

There is a strong presumption in favor of finding a settlement fair. *Id.* In addition, the fact that a settlement is the negotiated result of an adversarial proceeding is an indication of its fairness. *Id.* In determining whether a settlement is fair and reasonable, courts consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members. *Id.*; *see also Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004); *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

## B. BONA FIDE DISPUTES

Defendants deny all of Plaintiffs' allegations and claim they properly informed Plaintiffs of the tip credit pursuant to 29 U.S.C. § 203(m). If Defendants were to prevail on their tip credit defense, Plaintiffs would not recover anything. Further, Defendants claim they made good faith efforts in compensating Plaintiffs, so even if Defendants did not prevail on their tip credit defense,

they may still be able to reduce or eliminate Plaintiffs' claim for liquidated damages. *See* 29 U.S.C. § 260. Further, Defendants maintain Plaintiffs would not be able to prove a willful violation of the FLSA, which would limit the statute of limitations to the FLSA's default two-year period, instead of three years. *See* 29 U.S.C. § 255. Defendants also contest the number of hours Plaintiffs worked. If Defendants were to prevail on any one of these aspects of their defense, Plaintiffs would either recover nothing or much less than the amount they will receive under the Settlement Agreement.

As a result, there is a bona fide dispute as to Plaintiffs' ability to recover any alleged unpaid wages, let alone liquidated damages, attorneys' fees, or costs. The Settlement Agreement represents a fair and reasonable compromise of these bona fide disputes.

**C. FAIRNESS AND REASONABLENESS**

The Settlement Agreement is fair and reasonable in light of the factors discussed below.

**1. The Absence of Fraud or Collusion in the Settlement**

The Settlement Agreement reached here was the result of negotiations between the Parties' counsel. The Parties were represented by experienced wage and hour counsel, and the settlement was reached through arms-length negotiations. Under these circumstances, courts in this Circuit find a lack of fraud or collusion. *See Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 WL 9410399, at *4 (S.D. Tex. May 7, 2008) (citing *Batchelder v. Kerr-McGee Corp.*, 246 F. Supp. 2d 525, 527 (N.D. Miss. 2003).

**2. The Complexity, Expense and Likely Duration of the Litigation**

Further litigation would require discovery, motion practice, and potentially a trial regarding whether Defendants can claim the tip credit, the Defendants' efforts to comply with the FLSA, and whether Defendants knowingly or recklessly disregarded the FLSA. *Quintanilla*, 2008 WL 9410399, at *4. Recovery would be delayed, put at risk, or eliminated, and costs would increase.

### 3. Stage of the Proceedings and Amount of Discovery Conducted

The case is in the discovery phase, but has proceeded enough to allow the Parties and their counsel to review evidence, evaluate their respective claims and defenses, and engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case. In light of the discovery conducted and information exchanged, the Parties were able to sufficiently assess the legal and factual merits of the claims and defenses and engage in meaningful settlement discussions. *Quintanilla*, 2008 WL 9410399, at *4; *In re Cendant Corp. Litig.*, 264 F.3d 201, 235–36 (3d Cir. 2001).

### 4. The Probability of Plaintiffs' Success on the Merits

There is still a bona fide dispute regarding Defendants can utilize the tip credit defense. Despite Plaintiffs' claims, Defendants has strenuously maintained that they are entitled to claim a tip credit. Defendants settle the case not because they believe they are liable for Plaintiffs' claims, but in order to avoid incurring further attorneys' fees and costs.

The Settlement Agreement provides for a total payment of $15,000.00 for the Plaintiffs, which reflects three years of unpaid minimum wage payments, liquidated damages, and attorneys' fees. This total settlement amount recognizes the work done in this case and the likelihood that Plaintiffs may be able to establish a compensable claim under the FLSA, in which case they would be entitled to recover reasonable attorneys' fees. The Settlement Agreement also recognizes the respective costs the Parties would incur should this matter proceed through trial.

The Settlement Agreement is limited to claims arising under federal wage and hour laws. Plaintiffs' counsel agrees that the overall settlement amount is reasonable in exchange for the release and has explained the Settlement Agreement to the Plaintiffs. The total settlement amount is more than reasonable.

### 5. The Range of Potential Recovery

Plaintiffs' individual recoveries, net of attorneys' fees and costs, amount to 179% of their claimed three-year unpaid minimum wage damages. This is a great result for Plaintiffs in light of the risks they face and the costs of litigation. *Quintanilla*, 2008 WL 9410399, at *5.

### 6. The Opinions of Counsel

It is the informed opinion of counsel for both Parties that the Settlement Agreement is fair and reasonable. This factor weighs heavily in favor of approval. *Id.*; *see also In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs.*, 205 F.R.D. 369, 375–76 (D.D.C. 2002).

### D. ATTORNEYS' FEES AND COSTS

The Settlement Agreement provides for attorneys' fees of $6,000 and costs of $568.30. Plaintiffs have a 40% contingency fee agreement with their counsel. In FLSA cases such as this, the "customary contingency" is within the range of 35 to 40%. *See Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001); *In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 WL 3230771, *5 (W.D. La. Oct. 31, 2006) (customary contingency fees for class funds have ranged from 33.33% to 50%). The amount of attorneys' fees here is less than Plaintiffs' counsel's lodestar.

### E. CONCLUSION

Based on the foregoing, the Parties respectfully request the Court approve the Settlement Agreement and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted,

| | |
|---|---|
| **GASPER LAW PLLC** | Kevin M. Chavez, PLLC |
| By: *s/ Travis Gasper* | By: /s/ Kevin Chavez (with permission) |
| Travis Gasper, *attorney-in-charge* | 6260 Westpark Drive, Suite 303 |
| Texas Bar No. 24096881 | Texas Bar No. 24034371 |
| SDTX Bar No. 3073720 | SDTX Bar No. 32889 |
| 1408 N. Riverfront Blvd., Suite 323 | 6260 Westpark Dr., Suite 303 |
| Dallas, Texas 75207 | Houston, Texas 77057 |
| Phone: (469) 663-7736 | Phone: (832) 209-2209 |
| Fax: (833) 957-2957 | Fax: (866) 929-1647 |
| Email: travis@travisgasper.com | Email: kevin@rhemalegal.com |
| **ATTORNEY FOR PLAINTIFFS** | **ATTORNEY FOR DEFENDANTS** |

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Kevin M. Chavez
KEVIN M. CHAVEZ, PLLC
6260 Westpark Dr., Suite 303
Houston, Texas 77057
ATTORNEY-IN-CHARGE FOR DEFENDANTS

*s/ Travis Gasper*
Travis Gasper