# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement (this "**Agreement**") is made between Tierra Viva, Inc. and Eduardo Lopez, individually (collectively, the "**Defendants**") and Marisa Catota ("**Catota**") and Cecilia Blanco ("**Blanco,**" and together with Catota, the "**Plaintiffs**"), effective as of January 22, 2024 (the "**Effective Date**").

The "**Employer Group**" includes the Defendants, each of the Defendants' subsidiaries, affiliates, successors, and assigns, and each of the foregoing entities' present and former employees, officers, directors, owners, shareholders and agents, individually and in their official capacities. The Defendants and Plaintiffs are collectively referred to herein as the "**Parties**."

WHEREAS, Catota filed suit seeking damages against Defendants under the Fair Labor Standards Act ("**FLSA**") in the case styled *Marisa Catota, individually and behalf of all others similarly situated v. Tierra Viva, Inc. and Eduardo Lopez, individually*, Case No. 4:23-cv-3187 in the United States District Court for the Southern District of Texas, Houston Division (the "**Litigation"**);

WHEREAS, a notice of consent to join the Litigation was filed on behalf of Blanco on November 10, 2023;

WHEREAS, no class certification motion was filed by Plaintiffs;

WHEREAS, the Defendants deny all allegations made the basis of or otherwise raised in the Litigation (the "**Claims**"), the Parties have knowledge of one another's claims and defenses and have exchanged information underlying those claims and defenses, and the Parties continue to have a bona fide dispute over the number of hours the Plaintiffs worked, whether Defendants can take a "tip credit" against payment of the full minimum wage to Plaintiffs, whether Defendants alleged violation of the FLSA was willful, and whether Defendants acted in good faith;

WHEREAS, the Parties seek to resolve the Claims without the expense, delay, uncertainty and burden of continued litigation and trial;

NOW, THEREFORE, in light of these recitals and in consideration of the promises and mutual covenants set forth in this Agreement, and intending to be legally bound, the Parties agree as follows:

### NO ADMISSION OF LIABILITY

1. Nothing herein shall be construed to be an admission by any member of the Employer Group of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty. Employer Group specifically disclaims and denies any wrongdoing or liability to Plaintiffs.

**PAYMENT**

2.     Defendants shall pay Plaintiffs the gross amount of $15,000 (fifteen thousand dollars), drawn and allocated in separate checks, payable in 15 monthly installments, in the amounts and due on the dates set forth in Exhibit A (the "**Settlement Payments**"). This gross amount includes the attorneys' fees to be paid directly to Plaintiffs' counsel, GASPER LAW PLLC, following provision of a Form W-9 from the firm. One half of Plaintiffs' individual settlement payment will be considered wages for which Defendants will issue a W-2, make all required payroll tax withholdings, and forward them to the IRS. Defendants will also pay the IRS, in addition to the Settlement Payments, any employer-side payroll taxes. The other half of each Plaintiffs' individual settlement payment will be paid as 1099 income for liquidated damages claimed by Plaintiffs and will be reported by Defendants to the IRS on a Form 1099. The payment to Gasper Law PLLC of $6,568.30 (set forth in Exhibit A) is for costs in the amount of $568.30 and fees in the amount of $6,000.00. All Settlement Payments will be delivered by Defendants to Plaintiffs' counsel at 1408 N. Riverfront Blvd., Ste. 323, Dallas, Texas 75207 no later than the due date shown in Exhibit A.

3.     Defendants makes no representation regarding the tax consequences or liability arising from the Settlement Payments. Plaintiffs understand and agree that any and all employee-side tax liability that may be due or become due because of the Settlement Payments is Plaintiffs' sole responsibility. Employer-side payroll taxes are solely Defendants' responsibility. Plaintiffs shall hold the Employer Group harmless and indemnify the Employer Group for any liabilities, costs, and expenses, including attorneys' fees and costs, incurred by any member of the Employer Group for any failure by any Plaintiff to pay employee-side taxes due and owing, if any, on the Settlement Payments. The Employer Group shall hold Plaintiffs harmless and indemnify Plaintiffs for any liabilities, costs, and expenses, including attorneys' fees and costs, incurred by any member Plaintiff for any failure by any Defendant to pay employer-side taxes due and owing, if any, on the Settlement Payments.

**RELEASE AND WAIVER**

4.     In exchange for the Settlement Payments, Plaintiffs and Plaintiffs' heirs, executors, administrators, and assigns (collectively, the "**Releasors**") forever waive, release, and discharge the Defendants, from the Litigation, the Claims, and any and all fees, damages, penalties, costs, liabilities, and expenses (including attorneys' fees) relating to claims, charges, complaints, obligations, causes of action, and suits, whether known or unknown, asserted or not asserted, suspected or unsuspected, which relate in any way to the Claims (the "**Released Claims**"). This is a full release of all wage and hour claims and wage and hour causes of action of every kind and character related to the Litigation and is to be interpreted liberally to effectuate the maximum protection to Defendants for any type of wage and hour liability.

5.     Upon execution of this Agreement, the Parties agree to jointly file a motion requesting that Chief Judge Lee H. Rosenthal in the Litigation (the "**Chief Judge**") approve this Agreement as to all Plaintiffs and dismiss the Litigation with prejudice. The Parties agree that this Agreement will be submitted to the Chief Judge for approval as is, without authority to modify any of its provisions, and that her approval shall have the full weight and force to which it is entitled under the law. In the event that the Agreement is not approved as to all Plaintiffs or the Litigation is otherwise not dismissed with prejudice, the Released Claims shall not be released, the Settlement Payments shall not be due, and

this Agreement shall otherwise be null and void; provided, however, that in the event the Parties agree to a modified agreement and the Chief Judge approves such an agreement, than that agreement shall be effective. Any modifications made that are not agreed to by the Parties in writing shall render this Agreement void ab initio and the Parties would be in the same positions had this Agreement never existed.

6.  Subject to **Paragraph 7**, Plaintiffs specifically covenant that the Releasors will not file any suit, complaint, claim, or charge, either on their own behalf or in any representative capacity, in any state or federal court or before any federal, state, or local administrative agency, board, or governing body against any member of the Employer Group for the Released Claims.

7.  Notwithstanding the foregoing, Plaintiffs do not waive, release, or discharge (i) any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission or with a related state or local agency (although Plaintiffs waive any right to monetary relief for any claims or charges based on the Released Claims); (ii) any rights to vested benefits, such as pension or retirement benefits; or (iii) any claim arising after the Effective Date.

## SUCCESSORS AND ASSIGNS

8.  This Agreement shall inure to the benefit of the Employer Group and each of its successors and assigns.

## ENTIRE AGREEMENT

9.  This Agreement contains all of the understandings and representations between the Employer Group and Plaintiffs relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

## MODIFICATION AND WAIVER

10. No provision of this Agreement may be amended or modified unless such amendment or modification is agreed to in writing and signed by the parties whose rights would be affected by the modification or amendment. No waiver by a party of any breach by another other party of any condition or provision of this Agreement shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay of a party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

## CAPTIONS

11. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

### COUNTERPARTS

12. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

### CONSTRUCTION

13. Unless this Agreement expressly provides otherwise, each definition herein applies (i) for purposes of this entire Agreement; and (ii) to both the singular and plural forms (and other grammatical variations) of the defined term. Unless the context clearly indicates otherwise, each pronoun herein shall be deemed to include the masculine, feminine, neutral, singular, and plural forms thereof. The terms "including," "includes," "include," and words of like import shall be construed broadly as if followed by the words "without limitation." The terms "herein," "hereunder," "hereof," and words of like import refer to this entire Agreement instead of just the provision in which they are found. This Agreement shall not be construed strictly against the drafter (and any rule of construction to that effect shall not be applied). The term "or" has the inclusive meaning represented by the term "and/or," unless otherwise indicated.

### KNOWING AND VOLUNTARY ACKNOWLEDGMENT

14. Plaintiffs each specifically agree and acknowledge the following:
    a) Plaintiffs have read this Agreement in its entirety and understand all of its terms;
    b) Plaintiffs have consulted with legal counsel as Plaintiffs have deemed necessary prior to entering into this Agreement;
    c) Plaintiffs knowingly, freely, and voluntarily assent to all of the Agreement's terms and conditions including the waiver and release of the Released Claims;
    d) Plaintiffs are executing this Agreement, including the waiver and release of the Released Claims, in exchange for good and valuable consideration in addition to anything of value to which Plaintiffs are otherwise entitled;
    e) This Agreement, including the waiver and release of the Released Claims, is fully and forever binding on Plaintiffs;
    f) No promise or representation of any kind has been made except as is expressly stated in this Agreement;
    g) Plaintiffs own the Released Claims and have not assigned or transferred the same in whole or in part; and
    h) Plaintiffs are not waiving or releasing rights or claims that may arise after the execution of this Agreement.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

**Marisa Catota**                                **Tierra Viva, Inc.**

Ludmila Catota (Feb 1, 2024 12:05 CST)           By: _____

Date: Feb 1, 2024                                Name: _____

                                                 Title: _____

**Cecilia Blanco**                               Date: _____

Cecilia Blanco (Feb 3, 2024 11:36 CST)

Date: Feb 3, 2024                                **Eduardo Lopez**


                                                 _____

                                                 Date: _____

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

**Marisa Catota**

_____

Date: _____


**Cecilia Blanco**

_____

Date: _____

**Tierra Viva, Inc.**

By: _____*signature*_____

Name: __Eduardo Lopez_____

Title: __Owner_____

Date: __2-1-24_____


**Eduardo Lopez**

_____*signature*_____

Date: __2-1-24_____

# EXHIBIT A

## TOTAL SETTLEMENT PAYMENTS

| Name | W-2 Amount | 1099 Amount |
|---|---|---|
| **Cecilia Blanco** | $ 1,223.03 | $ 1,223.03 |
| **Marisa Catota** | $ 2,992.82 | $ 2,992.82 |
| **Gasper Law PLLC** | | $ 6,568.30 |

## PAYMENT SCHEDULE AND AMOUNTS

| Payment # | Due Date | Cecilia Blanco | | Marisa Catota | | Gasper Law PLLC 1099 |
|---|---|---|---|---|---|---|
| | | W-2* | 1099 | W-2* | 1099 | |
| 1 | 02/29/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 2 | 03/31/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 3 | 04/30/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 4 | 05/31/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 5 | 06/30/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 6 | 07/31/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 7 | 08/31/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 8 | 09/30/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 9 | 10/31/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 10 | 11/30/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 11 | 12/31/2024 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 12 | 01/31/2025 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 13 | 02/28/2025 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 14 | 03/31/2025 | $ 81.54 | $ 81.54 | $ 199.52 | $ 199.52 | $ 437.89 |
| 15 | 04/30/2025 | $ 81.47 | $ 81.47 | $ 199.54 | $ 199.54 | $ 437.84 |
| **TOTAL** | | **$ 1,223.03** | **$ 1,223.03** | **$ 2,992.82** | **$ 2,992.82** | **$ 6,568.30** |

*Gross amount (before tax withholding)